TJOFLAT, Circuit Judge.
In the present appeal, we must decide whether the district judge erred in referring the trial of this case to a United States Magistrate over appellant’s objection. We hold that the reference was improper, and that appellant is entitled to a trial de novo in the district court.
I
During the spring and summer of 1970, appellant was incarcerated at the Bexar County Jail in San Antonio, Texas, while awaiting trial on both state and federal charges. On May 20, 1970, appellant was placed in solitary confinement after he allegedly used abusive language to one of the appellees, a guard named Leandro Gonzales. Appellant remained in the punishment cell for ten days before being returned to the general prison population. The parties have stipulated to the summary nature of this disciplinary action[1]. They have also agreed on the general characteristics of appellant’s isolation cell, which measured 5 feet, 4 inches by 7 feet, 7 inches, with no sink, and with no toilet facilities except a hole in the center of the floor which could be flushed only from outside the cell. On July 31, 1970, appellant submitted a handwritten civil rights complaint to the United States District Court for the Western District of Texas. In substance, the complaint alleged (1) that the summary disciplinary action violated appellant’s right to procedural due process, and (2) that the conditions of the ten-day confinement constituted cruel and unusual punishment. Named as defendants were the Sheriff of Bexar County and three members of the Bexar County Jail staff[2]. As relief, appellant asked for a declaratory judgment, an injunction, and both compensatory and punitive damages. The district court dismissed the complaint without a hearing on December 23, 1970. On appeal, 455 F.2d 1383 (5th Cir. 1972), this Court vacated the district court’s order and remanded the case for reconsideration in light of Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).
After remand, the district court entered an order on July 6, 1972, appointing counsel *1018 for appellant and referring the case to a United States Magistrate for the supervision of discovery and other pretrial proceedings. On August 16, 1973, while the case was still in the discovery stage, the order of reference was amended to direct the magistrate to conduct a full evidentiary hearing, at the conclusion of which the magistrate was to submit proposed findings of fact and conclusions of law to the court. Both orders were made expressly pursuant to Rule 53 of the Federal Rules of Civil Procedure. In accordance with the provisions of that Rule, the court instructed the magistrate to act “in the capacity of Special Master”. No challenge has been made to the first of these orders of reference. However, appellant filed a motion to revoke the order of August 16,1973, together with a supporting memorandum which argued that the requirements of Rule 53 had not been met. This motion was denied by the trial court in an order dated October 9, 1973. Therein the court cited two reasons for the reference: (1) the “rapidly burgeoning caseloads” which were crowding the court’s docket, and (2) the fact that appellant had “monopolized much of the time of this Court” by initiating sixteen lawsuits over a period of approximately three years. After the parties had filed extensive stipulations of fact, an evidentiary hearing was held before the magistrate on February 7, 1974. Further stipulations were then entered into on the issue of damages, and the magistrate submitted his report on December 5, 1974. On the basis of specific findings, the magistrate concluded that the conditions of appellant’s confinement constituted cruel and unusual punishment, that appellant was not denied procedural due process, and that appellant had failed to prove any entitlement to damages. Except for some minor changes in the findings of fact, which were made at appellees’ suggestion, the court adopted the magistrate’s report in its entirety on December 23, 1974. Thereafter, the court overruled appellant’s objections to the magistrate’s report and denied appellant’s motion for attorney’s fees and other litigation costs. Final judgment was entered on March 27, 1975, and this appeal followed.
II
We agree with appellant that the order of reference entered on August 16, 1973 was invalid. This case is easily distinguishable from Cruz v. Hauck, 515 F.2d 322 (5th Cir. 1975), in which the prisoner plaintiffs waived their right to challenge a similar reference by failing to object thereto until the magistrate had delivered his report. In contrast, appellant not only filed timely objections to the reference in the present case but also submitted a lengthy and detailed memorandum setting forth the reasons for his objections. It is clear that appellant has properly preserved this issue for appeal.
Whatever broad powers may be available to United States Magistrates under the Federal Magistrates Act, Title 28, United States Code, Section 631 et seq,, that Act cannot be used to support the reference currently under review. The United States Supreme Court has made it clear that, even if a reference is made pursuant to the Act[3], the designation of a magistrate as a “special master” must be in compliance with Rule 53 of the Federal Rules of Civil Procedure [4]. See Mathews v. Weber, 423 U.S. 261, 96 S.Ct. 549, 555-56, 46 L.Ed.2d 483 (1976); Wingo v. Wedding, 418 U.S. 461, 471 n. 11, 94 S.Ct. 2842, 2848, 41 L.Ed.2d 879, 887 (1974). In its order of *1019 August 16,1973, the trial court clearly stated that the magistrate was to act in the capacity of special master. Moreover, the same order also describes the reference as being in accordance with Rule 53. The present record leaves no doubt that the reference below was to a special master, and that the limitations which Rule 53 places upon such references must be observed. Part (b) of that Rule directs that references to special masters “shall be the exception and not the rule.” When, as in the present case, the action is to be tried by the court, “save in matters of account and of difficult computation of damages, a reference shall be made only upon a showing' that some exceptional condition requires it.” No contention is made that the present case involves “matters of account” or “difficult computation of damages”. Therefore, the reference can only be justified by an “exceptional condition”. The trial court based its reference of this case upon two grounds, the court’s crowded docket and the fact that appellant was the plaintiff in sixteen different lawsuits. The first of these was removed as a proper consideration by the Supreme Court in La Buy v. Howes Leather Co., 352 U.S. 249, 259, 77 S.Ct. 309, 315, 1 L.Ed.2d 290, 299 (1957)[5], and we fail to perceive the relevance under' Rule 53 of appellant’s other lawsuits. We need not reach the question of whether the nature of a party’s other litigation could ever be a valid reason for referring one of his eases to a special master. In the present case, the only relevance which the district judge assigned to appellant’s lawsuits was the fact that there were sixteen of them. We hold that neither by itself nor in combination with the court’s crowded docket was the number of appellant’s lawsuits an “exceptional condition” within the meaning of Rule 53(b). The magistrate was entirely without authority to hear this case as a special master. Therefore, we have no choice but to set aside the reference of August 16, 1973, vacate the judgment which adopted the magistrate’s report, and remand the case for a trial de novo[6]. Apart from the specific issue decided in this appeal, we express no opinion as to the exact procedures which the district court should follow upon remand[7].
VACATED and REMANDED.

. In particular, it was stipulated that appellant received no written notice of the charges against him; that he received no prior hearing; that his disciplinary action was not determined by an impartial fact-finder; that he was given no opportunity to present evidence on his own behalf or to confront and cross-examine his accusers; that he was not represented by counsel; that he received no written statement of reasons for the action; and that there was no right to an appeal. Because of our disposition of this appeal, we do not reach the issue of whether the procedural due process standards of Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) apply retroactively to this disciplinary action, or whether the procedures violated due process requirements in effect at the time of the action.

. The original parties were W. B. Hauck, Sheriff, Jesse Dobbs, Chief Jailer, Antonio T. Sandoval, Captain, and Leandro L. Gonzales, Guard. Later, in an order dated February 1, 1974, Captain Johnny McRae was substituted as a defendant for Antonio T. Sandoval.

. We offer no opinion as to whether the orders and local rules in force in the Western District of Texas comply with the Act, or whether they should be properly construed as covering prisoners’ civil rights suits. Cf. Cruz v. Hauck, supra, at 326.

. Indeed, this result is dictated by the language of the Act itself. In Title 28, United States Code, Section 636(b)(1), provision is made for the magistrate to serve “as a special master in an appropriate civil action . . However, such duties can be assigned only “pursuant to the Federal Rules of Civil Procedure for the United States district courts.” Id.

. We reject appellees’ contention that La Buy should' be distinguished because the special master in that case was a private practitioner rather than a magistrate. The restrictive language of Rule 53(b) makes no such distinction, and appellees have offered no reason why this distinction should be judicially engrafted upon the Rule. The existence vel non of an “exceptional condition” is clearly independent of the specific individual to whom a case is referred.

. According to the appellees, appellant makes no challenge to the magistrate’s findings, and to retry this case would be merely a formality. We cannot accept this contention. Appellant’s numerous objections to the magistrate’s report include issues of law, issues of fact, and mixed issues of law and fact. This last category would certainly include the damages question which looms so large in the parties’ briefs, and upon which issue appellant challenges both the findings of fact and the legal standard which the magistrate used in making these findings. We cannot simply assume that a retrial of this case will necessarily lead to identical results on any of the numerous issues which the parties contested before the magistrate. For the same reason, we decline appellant’s invitation for us to issue an advisory opinion as to how these various issues should be resolved on remand. We therefore will not pass upon the correctness of any finding or conclusion entered below except for the reference of this^ case to the magistrate as special master.

.Therefore, this opinion is not to be construed as placing any restrictions upon otherwise valid uses of the United States Magistrate in future proceedings at the trial level.